**Russell KRACZKOWSKI et al.**

v.

**QUINCY MUTUAL FIRE INSURANCE COMPANY.**

**No. 2005–165–Appeal.**

Supreme Court of Rhode Island.

June 2, 2006.

nor child, Heather Kraczkowski (Heather), appeal from an order denying their motion to vacate an arbitration award. The plaintiffs contend that they should not have been made to proceed with arbitration on Heather's claim for underinsured motorist benefits from the defendant, Quincy Mutual Fire Insurance Company (Quincy Mutual), because they did not unequivocally elect to proceed with arbitration. We do not agree.

On June 25, 2000, Heather was injured while she was a passenger in a car operated by Daniel F. Lafreniere. She subsequently sought underinsured motorist benefits from her insurer, Quincy Mutual.[1] On November 7, 2001, Heather's attorney sent a letter to Quincy Mutual about her claim. The letter said:

> "Since we have been unable to settle this matter, we are demanding arbitration under the provision of the Kraczkowski policy. Please forward to me the relevant provisions of this claim."

After receiving the letter, Quincy Mutual selected an arbitrator and asked plaintiffs to do the same. The plaintiffs selected their arbitrator on July 2, 2002, and shortly thereafter, a third, neutral, arbitrator was chosen. Over the course of the next six months, several arbitration sessions were scheduled, but all were continued to later dates, principally at the request of plaintiffs.

On May 2, 2003, before any hearings were held, plaintiffs filed suit in Superior Court seeking underinsured motorist benefits from Quincy Mutual.[2] Quincy Mutual

Ronald Resmini, Providence, for Plaintiff.

Paul S. Callaghan, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## O P I N I O N

Justice GOLDBERG, for the Court.

The plaintiffs, Russell Kraczkowski and Rose Kraczkowski, on behalf of their mi-

1. The record does not reveal the nature of any agreement reached between plaintiffs and the tortfeasor's insurer.

2. The complaint also contained loss of consortium claims on behalf of Heather's family members and another claim for underinsured motorist benefits stemming from a different accident, on May 14, 2001. However, we note that this appeal relates only to plaintiffs' claim for underinsured motorist benefits related to injuries Heather suffered in the accident on June 25, 2000.

moved to dismiss the case because plaintiffs had elected to arbitrate Heather's claim. The plaintiffs countered that because the arbitration hearings had not yet commenced, they had the right to proceed in Superior Court. The hearing justice agreed with Quincy Mutual, and Heather's civil action was dismissed.

The plaintiffs proceeded to arbitration "under protest," and a majority of the arbitration panel awarded Heather $20,000, plus $10,000 in interest.[3] The plaintiffs filed a motion to vacate the award in Superior Court, raising the same arguments that previously were offered in opposition to Quincy Mutual's motion to dismiss. The hearing justice denied plaintiffs' motion to vacate, and this appeal ensued.

■ On appeal, plaintiffs allege that they did not clearly choose to proceed with arbitration. The plaintiffs argue that the November 2001 letter demanding arbitration merely was an inquiry about arbitration, not an election of a remedy. The plaintiffs also argue that the arbitration clause in the insurance contract was not binding because defendant did not show that it was situated above the testimonium clause. We reject these arguments.

■ The result in this case is governed by G.L.1956 § 10–3–2, which provides that "in the event the insured exercises the option to arbitrate, * * * the provisions of this chapter shall apply and be the exclusive remedy available to the insured." This section codifies the election-of-remedies doctrine for purposes of arbitrable claims. This Court has said that "parties who elect to submit to arbitration for pur-

poses of resolving disputed issues are barred by the election-of-remedies doctrine from seeking redress in the Superior Court." *City of Pawtucket v. Pawtucket Lodge No. 4, Fraternal Order of Police,* 545 A.2d 499, 502–03 (R.I.1988). Furthermore, "[o]ur general tendency (like that of most American courts) has long been to require parties to stay on the dispute-resolution path for which they originally opted until they reach the end of that path." *Cruz v. Wausau Insurance,* 866 A.2d 1237, 1240 (R.I.2005).

The plaintiffs unequivocally demanded arbitration in their November 2001 letter to defendant. They selected an arbitrator and, but for numerous continuances spanning six months, the arbitration would have concluded.[4] Consequently, plaintiffs were barred by § 10–3–2 from opting out of arbitration and pursuing Heather's claim in Superior Court.

■ Additionally, the plaintiffs argue that the arbitration clause in the insurance contract was not binding because the defendant failed to establish that the clause was located above the testimonium clause in the insurance contract. This contention is without merit. Although § 10–3–2 provides that "in all contracts of primary insurance, wherein the provision for arbitration is not placed immediately before the testimonium clause or the signature of the parties, the arbitration procedure may be enforced at the option of the insured," this provision is of no moment to this appeal. Section 10–3–2 applies in cases in which the insurer demands that an insured arbitrate a claim. The facts of this case dem-

---

3. The plaintiffs' appointed arbitrator dissented and would have awarded Heather $150,000.

4. The plaintiffs admitted during argument that their primary reason for wanting to opt out of arbitration was that they were unhappy with the panel of arbitrators.

onstrate that the plaintiffs, not the carrier, demanded arbitration, and consequently, this provision lends no support to the plaintiffs' argument.

For the reasons stated herein, we affirm the judgment of the Superior Court. The papers in this case may be remanded to the Superior Court.